UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                    Case No. 07-CR-54

JEFFERY L. CARTER,

      Defendant.

_____

**ORDER**

On March 7, 2007, a grand jury sitting in the Eastern District of Wisconsin returned a four-count indictment charging Jeffery Carter with knowingly and intentionally distributing a controlled substance in violation of 21 U.S.C. § 841 (counts one and four); knowingly and intentionally possessing with the intent to deliver controlled substances in violation of 21 U.S.C. § 841 (count two); and knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for term exceeding one year in violation of 18 U.S.C. § 922 and 924 (count three). On March 16, 2007, Carter was arraigned before Magistrate Judge Patricia J. Gorence and entered pleas of not guilty to all four counts. On October 15, 2007, Carter proceeded to trial and was found guilty of count one; not guilty of counts two and three; and the jury was deadlocked as to count four. Currently before the court for review are Carter's motion for a judgment notwithstanding the verdict as to count one and motion for a judgment of acquittal as to count four.

## BACKGROUND

The charges against Carter involved two separate and distinct dates and transactions. The government alleged that on January 16, 2007, Carter knowingly distributed 50 grams or more of crack cocaine. The government further charged that on this same date, Carter knowingly possessed with the intent to distribute 50 grams or more of crack cocaine, and that he also knowingly possessed firearms after having been convicted of a felony. The jury found Carter guilty of the offense charged at count one, but they did not find that the government proved that the offense involved 50 grams or more of crack cocaine. The jurors did not find Carter guilty of possession with the intent of delivery of crack cocaine nor did the jury find him guilty of possession of a firearm. As to the separate transaction, the government alleged that on May 14, 2005, Carter knowingly and intentionally distributed 5 grams or more of crack cocaine. As to this charge, the jurors were hung and unable to reach a decision. After inquiring into whether further deliberations would be fruitful and receiving a negative response from the jury, the court declared a mistrial as to this count.

## ANALYSIS

**I.     Motion to Set Aside the Guilty Verdict as to Count One**

Carter brings his motion under Rule 29 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 29 (2007). When entertaining a motion to set aside a guilty verdict, the court must view the evidence in the light most favorable to

-2-

Case 2:07-cr-00054-JPS    Filed 01/09/08    Page 2 of 6    Document 54

the government and should only overturn a guilty verdict "when the record contains no evidence, regardless of how it is weighed, upon which a rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Stark*, 309 F.3d 1017, 1021 (7th Cir. 2002) (citing *United States v. Griffin*, 150 F.3d 778, 784 (7th Cir. 1998)). Circumstantial evidence is to be considered reliable and provable of guilt, and the fact-finders may employ common sense in making reasonable inferences from circumstantial evidence. *Id.* at 1022.

To support a finding of guilty under 21 U.S.C. § 841(a)(1), the government must demonstrate the following elements: (1) that the defendant knowingly or intentionally possessed a controlled substance; (2) that the defendant intended to distribute it; and (3) the defendant knew it to be a controlled substance. *United States v. Windom*, 19 F.3d 1190, 1199 (7th Cir.1994).

Here, the evidence at trial demonstrated that an individual cooperating with law enforcement made arrangements to purchase crack cocaine from Carter. Carter and the cooperating individual made arrangements for the transaction to take place at 48th and Burleigh Streets in Milwaukee, Wisconsin. When the individual reached the agreed upon location, he called Carter, who in turn informed him he would be sending a female, later identified as Sabrina Eskridge, dressed in blue. Shortly after this conversation, Eskridge, dressed in blue, arrived at the agreed upon location. Law enforcement officers were observing the location and, upon her arrival, she was taken into custody. Two one-ounce bags of crack cocaine were found on Eskridge's

Case 2:07-cr-00054-JPS   Filed 01/09/08   Page 3 of 6   Document 54

person. Telephone records showed that at relevant times phone calls were made to and from Carter's cell phone and Eskridge's cell phone.

This evidence, viewed in the light most favorable to the government, supports a finding of guilt beyond a reasonable doubt as to each element of the offense. Although the evidence is circumstantial, it does link Carter to possession and intentional distribution of what he knew to be a controlled substance. Therefore, pursuant to the standard articulated in *Stark,* the court finds Carter's motion on this ground to be without merit. *See Stark*, 309 F.3d at 1021.

## II. Motion for a Judgment of Acquittal as to Count Four

Carter also moves for a judgment of acquittal as to count four, and he argues that the jury was unable to reach a verdict because evidence as to this count was insufficient to sustain a conviction.

The Supreme Court has held that "the defendant has no right to argue that because the jury was deadlocked, the prosecution's evidence must have been insufficient." *United States v. Bailin*, 977 F.2d 270, 280 n. 14 (7th Cir. 1992) (citing *Richardson v. United States*, 468 U.S. 317, 321-24 (1984)). Thus, a defendant may not simply point to the jury's inability to reach a decision to support his Rule 29 motion. *See id.* As set forth above, a court must view the evidence in the light most favorable to the government to determine if there was relevant evidence to find the defendant guilty beyond a reasonable doubt. *United States v. Reed*, 875 F.2d 107, 111 (7th Cir.1989). A judgment of acquittal should be entered "only if, viewing the

-4-

Case 2:07-cr-00054-JPS   Filed 01/09/08   Page 4 of 6   Document 54

evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005).

The government offered evidence that a separate cooperating informant assisted law enforcement in making the May 14, 2005, controlled buy of crack cocaine. The agent working with the informant detailed in his report that he made a positive identification of Carter; however, he testified at a later date that he was unable to actually identify Carter because only the outline of his frame was visible to him from his vantage point. The government also attempted to demonstrate a connection between Carter and the vehicle driven during this transaction. A car salesman was subpoenaed to testify, and his testimony also had inconsistencies: although he did believe he sold the car to individuals accompanied by Carter, he had previously told law enforcement that he believed the purchasers of the vehicle were an entirely different group of individuals. While this testimony, considered in light of all of the circumstances of this case, is fraught with circumstances of unreliability, it is, when combined with some corroborating circumstances, sufficient (if believed) to support a verdict of guilty. The court is therefore obliged to deny Carter's motion as to this count and allow the government to retry Carter on count four if it chooses to do so.

Accordingly,

**IT IS ORDERED** that Jeffery Carter's Motions for Judgment of Acquittal as to Counts One and Four (Docket #49) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge